TyRon E'lon Wagner #2000144015
Name

Lansing Correctional Facility, P.O. Box 2

Lansing, KS 66043
Address

---

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

TyRon E'lon Wagner, Plantiff
*(Full Name)*

v.

Kansas Department, Defendant (s)
of Corrections, et al

CASE NO. 5:25-CV-03247
*(To be supplied by the Clerk)*

⭐ Jury Trial Requested

CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C.
§1983

---

### A. JURISDICTION

1) TyRon E'lon Wagner, is a citizen of Kansas
   *(Plaintiff)*                          *(State)*

who presently resides at Lansing Correctional Facility
(L.C.F)                          *(Mailing address or place*
*of confinement.)*

2) Defendant Jerry Barton is a citizen of
              *(Name of first defendant)*

Kansas, and is employed as
*(City, State)*

Special Operations and Response Team. At the time the
*(Position and title, if any)*

claim(s) alleged in this complaint arose, was this defendant acting under the color of state

law? Yes ☒ No ☐. If your answer is "Yes", briefly explain:

Mr. Barton is employed by Lansing Correctional
Facility and his actions occurred during the
Performance of his official duties.

XE-2 8/82          CIVIL RIGHTS COMPLAINT §1983          1

3) Defendant _____Anna Bright_____ is a citizen of
                        *(Name of second defendant)*

_____Kansas_____, and is employed as
                   *(City, state)*

_____Unknown_____. At the time the
               *(Position and title, if any)*

claim (s) alleged in this complaint arose was this defendant acting under the color of state

law? Yes [X] No [ ] . If your answer is "Yes", briefly explain:

Ms. Bright's actions occurred during the performance
of her official duties while working at L.C.F.

(Use the additional pages to furnish the above information for additional defendants.)

(cont'd on additional pages)

4) Jurisdiction is invoked pursuant to 28 U.S.C. §1331; 42 U.S.C. §1983. (If you wish to

assert jurisdiction under different or additional statutes, you may list them below.)

_____

_____

## B. NATURE OF THE CASE

1) Briefly state the background of your case:

On March 9th, 2025 several members of L.C.F's
Special Operations and Response Team directed
the Plaintiff to engage in unlawful behavior. As a
result of his actions, he was given a disciplinary
Sanction and required to spend a year in Segregation.
During his time in Segregation, the Plaintiff suffered
egregious injuries due to an unnecessary use of
Force.

## C. CAUSE OF ACTION

1) I allege that the following of my constitutional rights, privileges or immunities have been
violated and that the following facts form the basis for my allegations: (If necessary you
may attach up to two additional pages (8.5" x 11") to explain any allegation or to list
additional supporting facts.)

A) (1) Count I: The Plaintiff's 8th Amendment right to be
free from cruel and unusual punishment was
violated when... (please see attatched)

(2) Supporting Facts: (Include all facts you consider important, including names of
persons involved, places and dates. Describe exactly how each defendant is involved.
State the facts clearly in your own words without citing legal authority or argument.):

KDOC enforces a discriminatory regulation,
K.A.R 44-12-304 Disobeying Orders, that is
substantially prejudicial to an inmate's
Constitutionally protected liberty interest. It
states:... (please see attatched)

B) (1) Count II: The Plaintiff's 14th Amendment right to Due
Process was violated by ~~the~~ Staff member's failure
to provide him with a fair and unbiased disciplinary hearing.

(2) Supporting Facts: On March 18th, 2025, the Plaintiff
was served with a disciplinary report for
battery, written by James Gift.
(please see attatched)

XE-2 8/82                    CIVIL RIGHTS COMPLAINT §1983                    3

C) (1) Count III: _The Plaintiff suffered serious and ongoing injuries during an unnecessary and excessive use of force, violating his 8th Amendment ...(cont'd)_

(2) Supporting Facts: _On September 12th, 2025, around 8:35pm, an alarm was signaled at the Plaintiff's cell, indicating a medical emergency; the Plaintiff's cellmate, Jarald Wilbur, ...(cont'd)_

### D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1) Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?

Yes ☒ No ☐ . If your answer if "Yes", describe each lawsuit. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

 a) Parties to previous lawsuit:

 Plaintiffs: _TyRon E'lon Wagner_

 Defendants: _Correct Care Solutions, et al_

 b) Name of court and docket number _United States District Court, District of Kansas. Docket number unknown._

 c) Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) _The case was dismissed._

 d) Issues raised _Deliberate indifference to serious medical needs; 8th Amendment violation._

XE-2 8/82                CIVIL RIGHTS COMPLAINT §1983                4

e) Approximate date of filing lawsuit _October 2012_

f) Approximate date of disposition _June 2013_

1) I have previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part C Yes ☒ No ☐. If your answer is "Yes", briefly describe how relief was sought and the results. If you answer is "No", briefly explain why administrative relief was not sought.

I've filed multiple grievances and also a personal injury claim. To date, the claims in this complaint have not recieved adequate administrative relief.

## 2) REQUEST FOR RELIEF

1) I believe that I am entitled to the following relief:

A. Compensatory damages in the amount of $10,000,000.

B. Punitive damages in the amount of $10,000,000.

C. (please see attached)

N/A
_____
**Signature of Attorney (if any)**

_____
**Signature of Plaintiff**

_____

_____

_____
**(Attorney's full address and telephone number)**

* I declare, under penalty of perjury, that the facts in this complaint are true and correct.

A. Jurisdiction (Cont'd)

Additional Defendants:

1.) Defendant Tyrell Godwin is a citizen of Kansas, and is employed as a member of Lansing Correctional Facility's Special Operations and Response Team. At the time the claims alleged in this complaint arose, the defendant was acting under the color of state law; Mr. Godwin's actions occurred during the performance of his official duties while working at L.C.F.

2.) Defendant Dalton Kinyun is a citizen of Kansas, and is employed as a member of Lansing Correctional Facility's Special Operations and Response Team. At the time the claims alleged in this complaint arose, the defendant was acting under the color of state law; Mr. Kinyun's actions occurred during the performance of his official duties while working at L.C.F.

3.) James Gift is a citizen of Kansas, and is employed by Lansing Correctional Facility. At the time the claims alleged in this complaint arose, this defendant was acting under the color of state law; Mr. Gift's actions occurred during the performance of his official duties while working at L.C.F.

4.) Defendant Meghan Davis is a citizen of Kansas, and is employed by the Kansas Department of Corrections, working on K.D.O.C's Facilities Management Team. At the time the claims alleged in this complaint arose, the defendant was acting under the color of state law; Ms. Davis' actions occurred during the performance of her official duties while working at K.D.O.C's Central Office.

1 of 8

## A. Jurisdiction (cont'd)

5.) The Kansas Department of Corrections is a government agency respresenting the state of Kansas. At the time the claims alleged in this complaint arose, KDOC was enforcing a discriminatory regulation that led directly to the Plaintiff's constitutionally protected rights being violated. The Plaintiff seeks only injunctive relief from the Kansas Department of Corrections.

    A. Monell v. Department of Social Services (1978) found that municipalities and government agencies could be held accountable if the rights violation resulted from an official policy or custom, not just the actions of a rogue employee.

## C. Cause of Action (cont'd)

A.) (1) Count 1 (cont'd): ... several members of Lansing Correctional facility's Special Operations and Response Team forced him to engage in unlawful conduct, by exploiting a substantially prejudicial Regulation, which has resulted in the Plaintiff's severe psychological deterioration.

    (2) Supporting Facts (cont'd): ... "Each inmate shall promtly and respectfully obey any order, directive, or instruction given to the inmate by any employee of the facility, or by an employee of any other agency or of an organization or firm in charge of the inmate. In case of conflicting orders, the last order shall be obeyed."

In it's current language, this particular regulation

2 of 8

## C. Cause of Action (cont'd)

allows state officials to exercise absolute authority, which is an infringement of free will; as it stands, an inmate can be lawfully required to commit unlawful acts.

On March 9th, 2025, Anna Bright, Tyrell Godwin, and Dalton Kinyun were each employed by Lansing Correctional Facility as members of it's Special Operations and Response Team. During the performance of their official duties, these defendants unlawfully conspired to seek retribution against Michael Parker, an inmate who had allegedly been harrassing Ms. Bright.

On said date, the Plaintiff was approached by Anna Bright in the chow hall during lunch, seeking assistance with an issue she claimed to be having with one of his associates, Michael Parker; Ms. Bright claimed that Mr. Parker had been harrassing her in an escalating manner. The Plaintiff was instructed to address this behavior.

Uncertain of the validity of Ms. Bright's allegation and her subsequent solicitation of an intervention, the Plaintiff immediately spoke with Tyrell Godwin about the situation, who verified that the allegations in question were indeed factual; he gave the Plaintiff and several of his associates a directive to "do something" about Mr. Parker's actions, as he had become "too disrespectful."

Still apprehensive, the Plaintiff and his associates spoke with Dalton Kinyun about their dilemma. Mr. Kinyun directly

Ordered them to make certain that Michael Parker "get his ass beat", or he would begin making the lives of Mr. Parker's affiliates difficult. Per K.A.R 44-12-304 Disobeying Orders, an inmate is required to follow any order, directive, or instruction given to them by any employee of the facility.

On March 9th, 2025, between 1:23pm and 1:49pm, it is alleged that Michael Parker was assaulted in his cell. Shortly after 10pm that same evening, the Plaintiff was placed in Segregation for his suspected involvement in Mr. Parker's battery, where he remains at the time of this complaint.

During the time since this incident occurred, the Plaintiff's mental state has continued to decline. Being ordered to bring physical harm to his friend has been a traumatic expirience for the Plaintiff, plaguing him with nightmares and incapacitating him with fear. Since this incident, the Plaintiff has attempted to commit suicide on several occasions.

Anna Bright, Tyrell Godwin, and Dalton Kinyun each abused their state appointed, by exploiting K.A.R 44-12-304, to force the Plaintiff to commit an unlawful act, a wanton and unnecessary infliction of mental and emotional suffering. Ms. Bright, Mr. Godwin, and Dalton Kinyun acted in a malicious manner, meant to create chaos instead of maintaining order.

B.) (1) Count 2 (cont'd)....
    (2) Supporting Facts (cont'd): On March 24th, 2025, a disciplinary hearing was conducted. Mr. Gift's battery allegation was based soley on the Plaintiff being one of several indivisuals captured on camera entering Michael Parker's cell during the timeframe the battery was thought to occur; no additional evidence was produced.

4 of 8

During this hearing, Hearing Officer Michael Fare testified that prior to the hearing, two of the other inmates who recieved Disciplinary Reports from this incident had already pleaded guilty, attempting to take responsibility for the battery. Mr. Fare contacted James Gift about potentially dismissing the remaining indivisual's Disciplinary Reports; he states the following: "Based on what was told to me by SAS Gift, they are not dropping any of the other DRs just because someone is pleading guilty to this charge".

By eliminating the Plaintiff's possibility of having his Disciplinary Report dismissed, a predetermination of guilt was established

As the primary investigator of this incident, James Gift had prior Knowledge of the illicit influence that initiated the entire situation, and yet, he withheld this information during the Plaintiff's disciplinary; this intentional omission of potentially exculpatory evidence compromised the integrity of disciplinary hearing. Mr. Gift's actions prevented the Plaintiff from recieving a fair and unbiased hearing.

By unduly influencing the results of the Plaintiff's Disciplinary Hearing, James Gift deliberately misused the power he possessed by virtue of state law, an action that was only possible because he was clothed with state authority. Mr. Gift's actions were done while in the performance of his official duties, but went well beyond the bounds of his lawful authority; the defendant's intentional abuse of his authority subjected the Plaintiff to a violation of his due process right.

The Plaintiff was found guilty of battery.

The Plaintiff's attempts to seek administrative relief came in the form of his disciplinary appeal, filed on May 7th, 2025, and a grievance he sent to KDOC's Central Office on May 16th, 2025; these documents meticulously detailed the wanton and wicked misconduct of the defendants listed in this complaint.

Both of these documents were recieved reviewed by Meghan Davis. An adequate investigation into the Plaintiff's allegations would've discovered that the gross misconduct and collusion of several KDOC employees created substantial prejudice for the Plaintiff, preventing him from recieving a fair and impartial disciplinary hearing.

Ms. Davis had ample opportunity to enforce administrative accountability and grant the Plaintiff relief from the suffering he continues to endure as a result of the unlawful actions of multiple KDOC employees. The defendant's actions contributed to the deprivation of the Plaintiff's right to Due Process.

C.) (1) Count 3 (cont'd)... right to be free from cruel and unusual punishment.

(2) Supporting Facts (cont'd)... was having serious suicidal thoughts, and was requesting to speak with a Behavioral Health Provider.

As Kara Hillis, the Officer in Charge of the Plaintiff's unit, was attempting to de-escalate the crisis, Jerry Barton aggressively approached the cell, physically moving Mo. Hillis away from the cell door.

Mr. Barton's conduct was combative as he demanded that the Plaintiff and his cellmate either "cuff up"

or be pepper-sprayed. While attempting to explain to Mr. Barton that his behavior was creating a hostile and volitile environment, a chemical agent was deployed into the cell, incapacitating both the Plaintiff and his cellmate.

The Plaintiff's cellmate was immediately placed in handcuffs through the opened trayport in the door. After this, the Plaintiff extended his right arm through the trayport; no attempt was made to place his wrist in mechanical restraints. Instead, Jerry Barton violently slammed the door of the trayport, trapping the Plaintiff's wrist. This action created a deep laceration that required sutures.

After closing the trayport, Mr. Barton demanded that the Plaintiff's door be opened. No video camera was present to document the integrity of this incident, a contradiction of K.D.O.C protocol.

Upon hearing the door to his cell opening, the Plaintiff raised his palms and stated, "I'm not resisting". Ignoring his surrender, the responders slammed the Plaintiff to the ground where his arms and legs were pinned down. At this point, Jerry Barton began striking him in the face and head with a closed fist. During this assault, the Plaintiff was securely restrained and defenseless.

As a result of this attack, the Plaintiff sustained various injuries, including, but not limited to, lacerations above and below his left eye, bursted capillaries throughout his entire left eye, and several areas of inflammation on his face and head; the severity of his injuries required emergency medical treatment at

Saint John Pavillion in Leavenworth, Kansas.

Due to the extensive damage done to the Plaintiff's left eye, his quality of vision has suffered tremendously; he is now required to use prescription corrective lenses in order to re-gain adequate eye-sight. This is an ongoing impairment.

The extent and severity of the Plaintiff's injuries indicate intentional malice. The Plaintiff was securely restrained and defenseless while Jerry Barton repeatedly struck him in the face and head with a closed fist, deliberately inflicting pain and injuries. The defendant's actions went well beyond what was necessary or acceptable, making his behavior reckless and excessive.

The Plaintiff would not have endured these injuries if Mr. Barton had not abused his state appointed authority while purporting to act in the performance of his official duties.

## Request For Relief (cont'd):

C. The Plaintiff is requesting injunctive relief, asking that the Court order a change to be made to the language of K.A.R 44-12-304 that will explicitly indicate that an inmate has no legal obligation to follow unlawful orders.

8 of 8