FILED
U.S. District Court
District of Kansas
02/18/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**TYRON ELON WAGNER,**

    **Plaintiff,**

    v.                                                        CASE NO. 25-3247-JWL

**KANSAS DEPARTMENT OF
CORRECTIONS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis. On January 23, 2026, the Court entered a Memorandum and Order (Doc. 14) ("M&O") ordering Plaintiff to show good cause why his claims in Count II should not be dismissed for failure to state a claim, and finding that the proper processing of Plaintiff's claims in Counts I and III cannot be achieved without additional information from appropriate Kansas Department of Corrections ("KDOC") officials. The Court ordered KDOC officials to submit a *Martinez* Report. This matter is before the Court on Plaintiff's Response (Doc. 16) and Motion to Correct the Docket (Doc. 17).

In his response, Plaintiff expresses concern regarding delays in his attempts to submit his $4.00 initial partial filing fee. (Doc. 16, at 1–2.) The Court advises Plaintiff that it received his $4.00 initial partial filing fee on January 30, 2026.

Plaintiff has also filed a Motion to Correct the Docket (Doc. 17). Plaintiff's first concern is that the docket in this case does not reflect that he requested a jury trial. (Doc. 17, at 1.) The Clerk has now corrected the docket to reflect Plaintiff's jury trial demand.

Plaintiff also seeks to clarify that he is suing Defendants in both their individual and official capacities. *Id*. at 2. The Court found in the M&O that Eleventh Amendment immunity applies to any official capacity claims for money damages against a KDOC defendant. (Doc. 14, at 13.) The Court will instruct the Clerk to update the docket to reflect that Plaintiff is suing Defendants in their individual and official capacities.

Lastly, Plaintiff states that he agrees with the Court that his claims in Count II should be dismissed for failure to state a claim. (Doc. 17, at 2.) Plaintiff "moves the Court to strike James Gift and Meghan Davis from the record as Defendants." *Id*. In the M&O, the Court ordered Plaintiff to show good cause why his claims in Count II should not be dismissed for failure to state a claim. (Doc. 14, at 11.) The Court noted that Plaintiff's claims in Count II are the only claims he alleges against Defendants James Gift and Megan Davis. *Id*. The Court dismisses Plaintiff's claims in Count II. Therefore, Defendants Gift and Davis are dismissed as defendants.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Correct the Docket (Doc. 17) is **granted.**

**IT IS FURTHER ORDERED** that the Clerk is directed to correct the docket to reflect that Plaintiff is suing Defendants in their individual and official capacities.

**IT IS FURTHER ORDERED** that Plaintiff's claims in Count II are **dismissed.** Defendants James Gift and Meghan Davis are **dismissed** from this action.

**IT IS SO ORDERED**.

**Dated February 18, 2026, in Kansas City, Kansas.**

                                                      **S/ John W. Lungstrum**
                                                      **JOHN W. LUNGSTRUM**
                                                      **UNITED STATES DISTRICT JUDGE**