**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| TYRON ELON WAGNER,<br><br>Plaintiff,<br><br>v.<br><br>ANNA BRIGHT, ET AL.,<br><br>Defendants. | Case No. 25-cv-3247-JWB-JBW |

## MEMORANDUM AND ORDER

Tyron Elon Wagner, a prisoner incarcerated at the Lansing Correctional Facility, filed this *pro se* civil action alleging cruel and unusual punishment and use of excessive force. This matter is before the Court on Plaintiff's motion requesting the appointment of counsel (Dkt. 34). Plaintiff's prior motion for appointment of counsel was denied without prejudice to refiling if Plaintiff's claims survived screening.[1] At that time, the Court concluded it was not clear that Plaintiff had asserted a colorable claim against a named defendant, the issues were not clarified and may not be complex, and Plaintiff appeared capable of adequately presenting facts and arguments. Plaintiff's present motion was filed after some of his claims passed screening.[2]

Although a defendant in a *criminal* action has a constitutional right to be represented by counsel, it is well settled that a party in a *civil* action has no constitutional right to appointed counsel.[3] Under the *in forma pauperis* statute, the court "may request an attorney to represent" a

---

[1] *See* January 1, 2026 Mem. & Order (Dkt. 14) at 16–18.

[2] *See* July 21, 2026 Mem. & Order (Dkt. 30).

[3] *See Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) ("There is no constitutional right to appointed counsel in a civil case.").

party unable to afford counsel.[4] Section 1915(e)(1) grants broad discretion for courts to request counsel to represent an indigent party.[5] In evaluating a prisoner's request for appointed counsel, the court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims."[6] "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel."[7]

Section 1915(e)(1) merely permits the court to "request" an attorney to represent an indigent party in a civil case and does not authorize the court to require an unwilling attorney to take the case.[8] More significantly, Congress has not provided any mechanism or funding to compensate counsel appointed in civil cases.[9] So the court only may seek an attorney willing to be appointed and provide his or her legal services pro bono (without payment). For these reasons, the appointment of counsel in a civil case is rare.[10]

Plaintiff renews his request for the Court to appoint him counsel now that some of his

---

[4] 28 U.S.C. § 1915(e)(1).

[5] *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 749 (10th Cir. 2009).

[6] *Steffey v. Orman*, 461 F.3d 1218, 1224 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)).

[7] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

[8] *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 301–08 (1989).

[9] *See Castner v. Colo. Springs Cablevision*, 979 F2d 1417, 1420 (10th Cir. 1992) ("Congress has not provided any mechanism for compensating [] appointed counsel. Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments. The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time.").

[10] *Wishneski v. Andrade*, 572 F. App'x 563, 570 (10th Cir. 2014) ("Appointment of counsel in civil cases is the rare exception, not the rule.").

claims have passed the screening process. He states that he has attempted to contact one law firm, the U.S. Department of Justice, and the Kansas Human Rights Organization seeking representation but has either not heard back or been declined representation. He further states the appointment of counsel is well founded due to the complexity of the case and credibility issues that exist. He also states that he is an indigent prisoner with no legal training and that he is confined to segregation with very limited access to legal material.

Plaintiff, proceeding *pro se*, has litigated this case for nearly a year. During that time, he has demonstrated his ability to gather facts and present his claims and arguments in his pleadings and other filings. Plaintiff's pleadings and filings to date adequately present the factual and legal bases for his claims and demonstrate that he understands the basics of his claims. Through his own efforts to date without counsel, some of Plaintiff's claims have passed the Court's screening. In addition to Plaintiff's demonstrated ability, the legal or factual issues do not appear to be complex. Nor has Plaintiff alleged any special circumstances that would lead the Court to conclude that he is not capable to proceed on his own behalf or that set his case apart from those of other incarcerated individuals proceeding *pro se* in federal court. Finally, the merits of Plaintiff's claims will likely be decided when the District Judge rules on Defendants' pending motion to dismiss (Dkt. 35). On balance, the relevant factors weigh against appointing counsel under § 1915(e)(1) at this time. Plaintiff may file a renewed motion for appointment of counsel after the District Judge rules on Defendants' motion to dismiss (Dkt. 35).

**IT IS THEREFORE ORDERED** that Plaintiff's motion requesting the appointment of counsel (Dkt. 34) is denied without prejudice. Plaintiff may file a renewed motion for appointment of counsel after the District Judge rules on Defendants' motion to dismiss (Dkt. 35).

A copy of this Order will be mailed to Plaintiff.

IT IS SO ORDERED.

Dated September 30, 2026, at Kansas City, Kansas.

Jennifer B. Wieland
U. S. Magistrate Judge